CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUL 14 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Tay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN CARLOS MEJIA,<br><br>*Defendant.* | CRIMINAL NO. 6:08CR00005-002<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on a Motion for New Trial (docket #44) filed by Defendant Juan Carlos Mejia ("Mejia") pursuant to Federal Rule of Criminal Procedure 33. During Mejia's trial testimony, the Assistant United States Attorney (AUSA) asked a question on cross-examination that indirectly referred to Mejia's post-arrest silence. In seeking a new trial, Mejia argues that this question violated the rule of *Doyle v. Ohio*, 426 U.S. 610 (1976), and thereby violated his rights under the Due Process Clause of the Fifth Amendment. Although the AUSA's question was improper, it did not amount to a *Doyle* violation, nor did it render Mejia's trial fundamentally unfair. There has therefore been no due process violation mandating a new trial. Accordingly, I will deny Mejia's Motion for New Trial in an Order accompanying this Memorandum Opinion.

## BACKGROUND

On February 7, 2008, a grand jury returned a two-count indictment against Mejia and Travis Lynn Holmes ("Holmes"). Count One charged a both defendants with conspiracy to distribute and possess with intent to distribute a mixture or substance containing more than 500 grams of methamphetamine. Count Two charged both defendants with possession with intent to

distribute a mixture or substance containing more than 50 grams of methamphetamine. Holmes accepted a plea agreement and pled guilty. Mejia went to trial.

At trial, Mejia elected to testify on his own behalf. Prior to his testimony, the government had introduced evidence that police officers had observed one of Mejia's co-conspirators and Mejia's truck—though they were unable to identify the driver of the truck—at a North Carolina restaurant on November 15, 2007. In addition, the co-conspirator testified that she met with Mejia at the restaurant on November 15th to make a previously arranged payment for methamphetamine.

Mejia was the last witness to testify. In his testimony on cross-examination, Mejia denied that he was at the restaurant on November 15th. In an apparent effort to explain why the police had seen his truck there, Mejia stated that, though he did not remember the date, there was a day when another co-conspirator had borrowed Mejia's truck to get some medicine because the co-conspirator did not feel well. The unstated implication was that the co-conspirator could have instead taken Mejia's truck to the drug meeting at the restaurant without Mejia's knowledge.

The AUSA's response to Mejia's claim was to ask, "And you had never provided this story to the authorities prior to this day?" Mejia's attorney immediately objected, and I sustained the objection. Mejia nevertheless responded to the question, stating, "They never asked me anything about this."

At a sidebar, defense counsel moved for a mistrial. There was no question that Mejia had invoked his right to remain silent after his arrest. Defense counsel argued that the AUSA's question, which implicitly sought to impeach Mejia's testimony on the basis of his refusal to speak to law enforcement, was a violation of Mejia's Fifth Amendment rights. I denied the motion and instructed the jury to disregard the AUSA's question. I explained to the jury that the

- 2 -

question was improper because Mejia had no duty whatsoever to assist the police in the investigation. I then asked the members of the jury whether any of them could not disregard it, and none responded in the affirmative.

There was no further objection or discussion of the issue for the remainder of the trial. After hearing all the evidence, the jury found Mejia guilty of Count Two, possession with intent to distribute a mixture or substance containing more than 50 grams of methamphetamine, and the lesser included offense of Count One, conspiracy to distribute and possess with intent to distribute a mixture or substance containing less than 500 grams of methamphetamine. On June 27, 2008, Mejia timely filed the instant Motion for New Trial.

## DISCUSSION

Mejia is correct that in *Doyle*, the Supreme Court established a rule prohibiting "the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings." *Doyle*, 426 U.S. at 619. However, in *Greer v. Miller*, 483 U.S. 756 (1987), the Court distinguished *Doyle* in circumstances much like those presented here:

> [At Miller's trial, t]he prosecutor began his cross-examination of Miller as follows:
>
> "Q: Mr. Miller, how old are you?
> "A: 23.
> "Q: Why didn't you tell this story to anybody when you got arrested?"
>
> Defense counsel immediately objected. Out of the hearing of the jury, Miller's lawyer requested a mistrial on the ground that the prosecutor's question violated Miller's right to remain silent after arrest. The trial judge denied the motion, but immediately sustained the objection and instructed the jury to "ignore [the] question, for the time being." The prosecutor did not pursue the issue further, nor did he mention it during his closing argument. At the conclusion of the presentation of evidence, defense counsel did not renew his objection or request an instruction concerning the prosecutor's question. Moreover, the judge specifically instructed the jury to "disregard questions ... to which objections were sustained."

*Id.* at 759 (citations omitted).

The Court in *Greer* emphasized that "the holding of *Doyle* is that the Due Process Clause bars '*the use* for impeachment purposes' of a defendant's postarrest silence. The [*Doyle*] Court noted that 'it does not comport with due process *to permit* the prosecution during trial to call attention to [the defendant's] silence.'" *Id.* at 764 (citations omitted). Thus, to distinguish *Doyle*, the Court in *Greer* reasoned as follows:

> [T]he trial court in this case did not permit the inquiry that *Doyle* forbids. Instead, the court explicitly sustained an objection to the only question that touched upon Miller's postarrest silence. No further questioning or argument with respect to Miller's silence occurred, and the court specifically advised the jury that it should disregard any questions to which an objection was sustained. Unlike the prosecutor in *Doyle*, the prosecutor in this case was not "allowed to undertake impeachment on," or "permit[ted] . . . to call attention to," Miller's silence. The fact of Miller's postarrest silence was not submitted to the jury as evidence from which it was allowed to draw any permissible inference, and thus no *Doyle* violation occurred in this case.

*Id.* at 764–65 (citations omitted).

Likewise, in the instant case, I explicitly sustained an objection to the only question that touched upon Mejia's post-arrest silence, and no further questioning or argument with respect to Mejia's silence occurred. Unlike in *Greer*, I did not advise the jury generally that it should disregard any questions to which an objection was sustained, but I did specifically advise the jury that it should disregard the question that touched upon Mejia's post-arrest silence. Thus, the AUSA was not allowed to undertake impeachment on, or permitted to call attention to, Mejia's silence. Accordingly, the AUSA's question did not constitute a *Doyle* violation.

The Court in *Greer* acknowledged, however, "that the prosecutor attempted to violate the rule of *Doyle* by asking an improper question in the presence of the jury," and that prosecutorial misconduct may 'so infec[t] the trial with unfairness as to make the resulting conviction a denial

of due process.'" *Id.* at 765 (citation omitted). As the Court explained, "[w]hen a defendant contends that a prosecutor's question rendered his trial fundamentally unfair, it is important 'as an initial matter to place th[e] remar[k] in context.'" *Id.* at 765–66 (citation omitted).

Here, the AUSA's question was followed by an immediate objection, a curative instruction, no further objection or request for curative instructions, and no further comment on Mejia's post-arrest silence. Moreover, as I explained in denying Mejia's motion for a judgment of acquittal after the government rested, the evidence presented in the government's case-in-chief was sufficient for the jury to find Mejia guilty beyond a reasonable doubt. Given this context, it is clear that the improper question did not render Mejia's trial fundamentally unfair.

Because the AUSA's question neither violated *Doyle*, nor rendered the trial fundamentally unfair, I will deny Mejia's Motion for New Trial in an Order accompanying this Memorandum Opinion.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this 14th day of July, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE